UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CECIL WILLIAM WYATT,

                      Plaintiff,

     v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                  Defendant.

NO.  C3:14-CV-05003-RBL-JLW

REPORT AND
RECOMMENDATION

## BASIC DATA

Type of benefits sought:

     (X) Supplemental Security Income – Disability

     (X) Disability Insurance

Plaintiff's:

     Sex: Male

     Age: 43 at application, 45 at ALJ hearing

Principal Disabilities Alleged by Plaintiff:  Diabetes, mood disorder, should injury, knee injury, back injuries

Disability Allegedly Began: amended date August 12, 2009

Principal Previous Work Experience: truck driver

Plaintiff Last Worked: November 2008

Education Level Achieved by Plaintiff: High School Graduate

REPORT AND RECOMMENDATION - 1

1

2

PROCEDURAL HISTORY – ADMINISTRATIVE

3

Before ALJ Scott R. Morris:

Date of Hearing: May 2, 2012

4

Date of Decision: July 11, 2012

5

Appears in Record at:  Decision AR 43-56, Hearing Transcript AR 62-110

6

Summary of Decision:

7

8

9

10

11

12

13

Claimant has not worked since his alleged onset date. He has the severe impairments of diabetes, obesity, degenerative disc disease, degenerative joint disease of the left knee, mood disorder. None of these impairments, alone or in combination, meet or medically equal a Listing. Claimant has the Residual Functional Capacity (RFC) for light work, except he can stand or walk for a total of two hours in an eight hour day. He cannot climb ladders, ropes, scaffolds. He can only occasionally climb ramps and stairs, kneel, crouch, or crawl. He must avoid concentrated exposure to temperature extremes and hazards. He is limited to simple, routine, and repetitive tasks without manufacturing production rates or pace of work. He is limited to occasional interaction with the public, and requires an additional bathroom break, in addition to the usual number, during the work day. Given this RFC, he can no longer perform his past relevant work. A Vocational Expert (VE) testified that he can perform the representative jobs of Production Assembler, Assembler, and Crab Meat Processor. Therefore, claimant is not disabled.

14

Before Appeals Council:

15

Date of Decision: November 6, 2013

16

Appears in Record at: AR 16-22

Summary of Decision: Review Declined

17

18

PROCEDURAL HISTORY – THIS COURT

19

Jurisdiction based upon: 42 U.S.C. § 405(g)

20

Brief on Merits Submitted by (X) Plaintiff  (X) Commissioner

21

22

RECOMMENDATION OF

UNITED STATES MAGISTRATE JUDGE

23

(X)  Affirm

24

1

SUMMARY OF RECOMMENDATION

The ALJ did not err in the assessment of Plaintiff's credibility, medical opinions, and law witness testimony. Plaintiff's medical records show a history of mild to moderate pain that is well controlled with conservative treatment. His treating physician provided medical statements with little evidentiary value because they were conclusory or pertained to Plaintiff's ability to perform his past work as a truck driver. The RFC is supported by the evidence in the record.  The decision should be affirmed.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court must set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

EVALUATING DISABILITY

The claimant bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal

citations omitted).  The Act defines disability as the "inability to engage in any substantial

gainful activity" due to a physical or mental impairment which has lasted, or is expected to

last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A),

1382c(a)(3)(A).  A claimant is disabled under the Act only if his impairments are of such

severity that he is unable to do his previous work, and cannot, considering age, education, and

work experience, engage in any other substantial gainful activity existing in the national

economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th

Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for

determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§

404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At

step five, the burden shifts to the Commissioner.  *See also Valentine v. Comm'r of Soc. Sec.

Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

<u>ISSUES ON APPEAL</u>

1.  Did the ALJ properly assess Plaintiff's credibility?

2.  Did the ALJ properly evaluate the medical evidence?

3.  Did the ALJ properly evaluate the lay witness testimony?

4.  Does the RFC adequately address all of Plaintiff's impairments?

<u>DISCUSSION</u>

I.      <u>Plaintiff's Credibility</u>

The ALJ is responsible for determining credibility. *Andrews*, 53 F.3d at 1039.  Without

evidence of malingering, the reasons for rejecting the claimant's testimony must be clear and

convincing.  *Lester v. Chater*, 81 F.3d 821, 834 (1996). "Once the claimant produces medical

evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." *Id*. The ALJ must provide specific, cogent reasons for the disbelief. *Id*. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. Here, the ALJ gave little weight to Plaintiff's statements concerning his functioning because of inconsistencies in the record that undermined Plaintiff's credibility. AR 52. The ALJ found inconsistencies between Plaintiff's reported functioning and the objective medical evidence, treatment, and activities of daily living.

The ALJ found that Plaintiff's medical treatment was inconsistent with the alleged severity of his impairment. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). However, the ALJ did not discredit Plaintiff based on lack of objective medical evidence. Instead, the ALJ focused on the inconsistencies between Plaintiff's allegations of disabling pain and the medical record and conservative treatment.

Plaintiff contends that he has severe knee, back and neck pain. Plaintiff's records also reflect good range of motion and strength despite left knee pain. His strength in his left lower extremity is 4/5. AR 597, 606. He had full flexion and extension of the left knee. AR 597, 606. Additionally, he only occasionally reported spikes in pain up to 6 or 7 out of 10 (AR 591, 609). His medical records show that he regularly rated his full body pain at 2 out of 10 (AR 574, 577, 581, 586, 605, 611) or 3 out of 10 (AR 583, 593, 597) on a pain scale.

Plaintiff's medical records show that his pain was well controlled with conservative measures. He reported that Ibuprofen provided him some relief for his knee pain. AR 589. He was recommended anti-inflammatory medication and ice for his knee. AR 589. He did not undergo physical therapy, corticosteroids or injections to address his knee pain. AR 589. He had a knee support and was given an Ace wrap to use. AR 598.

In 2011-2012, Plaintiff consistently reports pain in his back, shoulder and neck. AR 655, 658, 661, 665, 668, 674. He was prescribed Vicodin and had "fair" symptom control. AR 668. The mild to moderate pain, generally controlled by relatively conservative treatment, is not consistent with the disabling pain alleged. Such "'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).

Plaintiff's allegations of disabling knee and back pain are also inconsistent with the evidence that Plaintiff was ready and willing to return to his prior work as a truck driver if not for his diabetes. At an August 2009 medical appointment, Plaintiff mentioned his desire to discontinue his insulin. AR 625. In April 2010, Plaintiff asked his medical care provider about the risks of driving truck and was advised against it. AR 604. This supports the ALJ's contention that Plaintiff would have resumed his prior job as a truck driver if not for the ban on insulin use in interstate trucking. AR 45.

In addition to his pain and diabetes, Plaintiff contends that he suffers from bowel issues that often require an excessive number of bathroom breaks which severely limits his employability. In support he submitted a "fecal frequency log" for June through September 2011. AR 903-912. The ALJ found that "[o]n average, the claimant uses the bathroom no more than three times a day, and a large portion of the bathroom visits occur at nighttime." AR 51. Based on this finding, the ALJ determined that the RFC requirement of an additional bathroom

break during the day accommodates Plaintiff's bowel difficulties. AR 51. Plaintiff claims that the ALJ improperly interpreted this evidence by "averaging" the bathroom visits, when the issue is the daily inconsistency—some days Plaintiff suffers from constipation and does not need any breaks while other days require an excessive number of trips to the bathroom. The fecal frequency log does reflect days with many visits to the restroom. However, the record also supports the ALJ's interpretation that an additional break will accommodate Plaintiff's needs. In the four months covered by the log, Plaintiff only recorded four days when he needed more than four visits to the restroom during the course of normal work hours. AR 903-912.

Plaintiff's medical records reflect that his pain and bowel issues are significantly less disabling than alleged. This is corroborated by the fecal frequency log and by the conservative treatment that appears to successfully control the various knee, back and should pain. The inconsistencies between the medical records and pain are clear and convincing reasons to question Plaintiff's credibility. Furthermore, Plaintiff's own requests demonstrate that he does not think that his impairments would prevent him from driving a truck if not for the need for insulin. The ALJ had clear and convincing reasons based on substantial evidence to question Plaintiff's credibility.

II.   Medical Evidence

The ALJ evaluates medical evidence as part of the record when determining disability. 20 C.F.R § 416.927(b). Rejection of an uncontroverted medical opinion provided by an examining physician requires clear and convincing reasons. *Lester*, 81 F.3d at 830. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Id*.

A.  *Penny Faires, M.D.*

Dr. Faires, Plaintiff's treating physician, completed a request for medical opinions in March 2012. However, instead of deference, the ALJ gave little weight to Dr. Faires' opinion because the rationale for the assessed restrictions is inconsistent with the overall record. AR 53. Specifically, the ALJ found that Dr. Faires opinion was based on Plaintiff's less than credible subjective complaints. AR 53.

Dr. Faires opined that "sitting for prolonged periods very painful secondary to gangrene treatments" would result in absenteeism of more than three days per month and that Plaintiff's history of neck fracture and right shoulder separation results in limited motion of the joints. AR 698-9. As seen above, Plaintiff's alleged pain was not reflected in the medical records. Therefore, Dr. Faires' opinion is based on Plaintiff's complaints of dubious credibility. The ALJ may reject a physician's opinion if it is based "to a large extent" on a claimant's self-reports that have been properly discounted as incredible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

In addition, Dr. Faires stated that Plaintiff was unable to engage in regular and sustained work because he is "[i]nsulin dependent diabetic [and] not allowed to drive trucks (profession) with CDL [commercial driver's license] requirements. Also has had gangrene of the pelvic region that makes it hard to sit." AR 698. The ALJ rejected this opinion because it "indicates that Dr. Faires based this opinion on the claimant's inability to meet truck driving requirements rather than physical inability to perform any work." AR 53. Given the wording, Dr. Faires' opinion reflects Plaintiff's inability to perform his past work rather than any opinion as to Plaintiff's general ability to work.

Dr. Faires also mentioned Plaintiff's positional dizziness, and history of colostomy repair which produced increased bowel movements. AR 698. But, Dr. Faires merely states that Plaintiff suffers from these problems. She provides no medical findings to support this opinion.

This is a legally sufficient reason to reject medical testimony. "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

After the ALJ decision, Plaintiff submitted a second medical opinion from Dr. Faires. "When the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r. Soc. Sec. Admin.,* 682 F.3d 1157, 1163 (9th Cir. 2012). In October 2012, Dr. Faires stated that Plaintiff had been unable to work because of the severity of his diabetes and injuries sustained in a trucking accident. AR 957. His history of diabetes, broken neck, and orthopedic injuries were reasonably expected to produce his symptoms. AR 957. Dr. Faires believed that Plaintiff's complaints were credible. AR 958. Finally, she opined that his diabetes alone was severe enough to result in multiple missed days of work. AR 958. Like the prior opinion, Dr. Faires' opinion reflects the Plaintiff's subjective complaints. Additionally, the statement is conclusory, without clinical findings or evidence to support the opinion. The new medical source statement does not provide sufficient evidence to overturn the decision of the Commissioner.

B.  *Michael Brown, Ph.D.*

Michael Brown, Ph.D. performed a mental evaluation of Plaintiff and submitted an assessment. AR 692-696. The ALJ stated that the evaluation "demonstrates no more than mild to moderate limitations that are accommodated by the" residual functional capacity. AR 52. Dr. Brown diagnosed a mood disorder which is addressed by medication. AR 695. Dr. Brown also found that Plaintiff can perform a three-step task, maintain friendships, and work with others.

AR 52, 694-5. His impairments are generally mild to moderate. AR 694-5. The limitation to simple, routine and repetitive tasks included in the RFC reflect the mild to moderate impairments assessed by Dr. Brown. AR 694-5. The ALJ did not err in assessing Dr. Brown's opinion.

### III.   Lay Witness Testimony

Plaintiff's mother, Betty Wyatt submitted a lay witness statement concerning her son's impairments. AR 295-6. "In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). Lay witness testimony includes evidence of the claimant's symptoms or the impact of impairment on claimant's ability to work. *Id*. The ALJ may disregard evidence from these lay sources after providing a germane reason for each of the witnesses. *Turner v. Comm'r of Soc.Sec. Admin.*, 613 F. 3d 1217, 1224 (9th Cir. 2010).

The ALJ found Ms. Wyatt "largely credible" and that "she believed she was accurately describing the claimant's symptoms and functioning." AR 53. But, the ALJ also found that her statements differed significantly from the medical evidence, especially relating to Plaintiff's range of motion, strength, pain, and bowel irregularities. AR 53. The medical evidence shows that Plaintiff's pain is generally mild to moderate and well controlled.  Inconsistency with medical evidence is a germane reason to discredit a lay witness. *Bayliss*, 427 F.3d at 1218.

### IV.   Step Five Burden

The Plaintiff alleges that the RFC and resulting hypotheticals to the VE were not accurate, resulting in the failure of the ALJ to meet the burden of proof that he could perform other jobs available in the national economy. As seen above, the ALJ did not err in evaluating the evidence. As shown above, the ALJ did not err in excluding certain evidence. The RFC and hypothetical were accurate and based on substantial evidence. Reversal is not warranted.

1

CONCLUSION

2

For the foregoing reasons, the Court recommends that this case be AFFIRMED and the

3

case DISMISSED.  A proposed order accompanies this Report and Recommendation.

4

Objections to this Report and Recommendation, if any, must be filed with the Clerk

5

and served upon all parties to this suit no later than fourteen (14) days after the date on which

6

this Report and Recommendation is signed.  If no timely objections are filed, the Clerk shall

7

note this matter for the earliest Friday after the deadline for objections, as ready for the

8

Court's consideration. Failure to file objections within the specified time may affect a party's

9

right to appeal.

10

If objections are filed, any response is due within fourteen (14) days after being served

11

with the objections.  A party filing an objection must note the matter for the court's

12

consideration fourteen (14) days from the date the objection is filed and served.  Objections

13

and responses shall not exceed twelve pages.

14

DATED this 10th day of October, 2014.

15

16

17

_____

JOHN L. WEINBERG

18

United States Magistrate Judge

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 11